■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant-Respondent, v. ROYAL INDEMNITY Co. et al., Respondents-Appellants, and F. M. BURT COMPANY, INC., et al., Respondents.— Order unanimously reversed on the law, with costs and summary judgment granted in favor of defendants Royal Indemnity Co. and Harold C. Paynter in accordance with the following Memorandum: Plaintiff issued a liability policy on an automobile owned by defendant Paynter for the period of June 17, 1969 through December 17, 1969. Defendant Paynter obtained new coverage with defendant Royal

Indemnity effective December 17, 1969 but did not notify plaintiff of this. Sometime in December, 1969, plaintiff mailed a premium notice to defendant Paynter which stated that, because of a delay in mailing the notice, the due date for renewing his insurance was December 31, 1969. On December 23, defendant Paynter had an accident and on January 6, 1970 plaintiff mailed him a notice that his insurance was canceled effective January 19, 1970 for nonpayment of premium. ¶ Section 313 of the Vehicle and Traffic Law headed "Notice of termination" provides: ¶ "1. No contract of insurance or renewal thereof for which a certificate of insurance has been filed with the commissioner shall be terminated by cancellation by the insurer or failure to renew by the insurer until at least twenty days after mailing to the named insured at the address shown on the policy a notice of termination, except where the cancellation is for non-payment of premium in which case ten days notice of cancellation by the insurer shall be sufficient, provided, however, if another insurance contract has been procured, such other insurance contract shall, as of its effective date and hour, terminate the insurance previously certified with respect to any motor vehicles designated in both contracts. Time of the effective date and hour of termination stated in the notice shall become the end of the policy period". ¶ By its terms this section only applies where there has been a failure to renew or a failure to pay a premium due. Therefore, the procurement of the Royal Indemnity policy did not terminate the policy defendant Paynter had with plaintiff. That policy did not terminate until December 31, 1969 when defendant Paynter failed to renew and coverage should be shared by both companies. (Appeals from order of Monroe Special Term denying motions for summary judgment and granting motion to serve amended answer.) Present — Goldman, P. J., Del Vecchio, Marsh, Gabrielli and Moule, JJ.